OPINION
{¶ 1} Plaintiff-appellant, Key-Ads, Inc., appeals a judgment of the Warren County Court of Common Pleas denying its appeal of a resolution promulgated by defendant-appellee, the Warren County Board of Commissioners ("the Board"), rejecting appellant's *Page 2 
application to erect a billboard. For the reasons outlined below, we affirm the decision of the common pleas court.
 {¶ 2} In April 2005, appellant entered into a lease agreement with the owner of a tract of land located at the intersection of U.S. Route 42 and McClure Road in Turtlecreek Township.[1] The land was zoned for general business use. Appellant entered into the lease for the purpose of installing a double-sided, illuminated advertising billboard at the intersection.
 {¶ 3} In accordance with the Warren County Rural Zoning Code ("Zoning Code"), appellant filed an application for site plan review with the zoning office of Warren County in August 2005. The Zoning Code mandates that all site plans be reviewed and approved by the Board. Following a public hearing on appellant's application in April 2006, the Board denied the application on the basis that the proposed land use would detrimentally impact the general public and nearby property owners. The common pleas court upheld the Board's determination. Appellant timely appeals, raising one assignment of error.
 {¶ 4} Assignment of Error No. 1:
 {¶ 5} "THE TRIAL COURT'S DECISION TO UPHOLD THE BOARD'S DECISION TO DENY APPROVAL OF KEY-ADS' SITE PLAN IS NOT SUPPORTED BY A PREPONDERANCE OF RELIABLE, PROBATIVE, AND SUBSTANTIAL EVIDENCE."
 {¶ 6} Appellant argues that the Board erred in denying its application because the use sought, an advertising billboard, is a permitted use under the Zoning Code. Consequently, according to appellant, the Board is limited to ordering changes in appellant's site plan and cannot deny its application outright.
 {¶ 7} Appeals of administrative agency decisions are governed by R.C. *Page 3 
Chapter 2506. The standard of review in R.C. Chapter 2506 administrative appeals imposed upon a common pleas court varies distinctly from the standard of review imposed upon an appellate court. A common pleas court reviewing an administrative appeal pursuant to R.C. 2506.04 weighs the evidence in the whole record and determines whether the administrative order is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence. Shields v. Englewood, 172 Ohio App.3d 620, 2007-Ohio-3165, ¶ 28.
 {¶ 8} An appellate court's review of such an administrative appeal, however, is more limited in scope. Henley v. Youngstown Bd. of ZoningAppeals, 90 Ohio St.3d 142, 147, 2000-Ohio-493, quoting Kisil v.Sandusky (1984), 12 Ohio St.3d 30, 34. Unlike the common pleas court, the appellate court does not weigh the evidence or determine questions of fact. Henley at 147. Rather, the appellate court must affirm the common pleas court's decision unless it finds, as a matter of law, that the decision is not supported by a preponderance of reliable, probative, and substantial evidence. Mills v. Union Twp. Bd. of ZoningAppeals, Clermont App. No. CA2005-02-013, 2005-Ohio-6273, ¶ 6.
 {¶ 9} As we are limited to considering questions of law, we shall first review the law applicable to the present matter. Zoning Code section 5.07 permits the land use that is the subject of this case, stating: "Outdoor advertising shall be classified as a business use and shall be permitted in all zones for industry, business or on lands actively used for agriculture." As stated, the land upon which appellant sought to erect the billboard was zoned for general business use. Appellant therefore is correct in asserting that the Zoning Code expressly permits the use it seeks to employ with the land in question.
 {¶ 10} Zoning Code section 5.14(E) provides the parameters for the Board's review of a site plan such as the one submitted by appellant. That section provides that "[a]ll site plans shall be reviewed and approved by the Warren County Board of Commissioners." Zoning *Page 4 
Code section 5.14(E)(1). The section also provides that "[a]ll site plans shall be reviewed for their impact upon the health, safety, morals and general welfare of both the general public and the occupants of nearby properties." Zoning Code section 5.14(E)(3). Among the factors to be considered by the Board in making this impact determination is "[t]he location, arrangement, size and placement of all * * * signs." Zoning Code section 5.14(E)(3)(c).
 {¶ 11} Appellant notes that the Board is authorized to impose conditions upon a site plan before it is approved in accordance with Zoning Code section 5.14(E)(4): "[The Board] may grant approval of a site plan subject to conditions which it shall specify." Appellant insists, however, that no provision of the Zoning Code authorizes the Board to reject a site plan in its entirety when the plan involves a use expressly permitted by the Zoning Code.
 {¶ 12} Contrary to appellant's assertions, the fact that a proposed site plan falls within a use permitted by the Zoning Code does not mean that the Board is thereafter obligated to approve the site plan. Cf.Community Concerned Citizens, Inc. v. Union Twp. Bd. of ZoningAppeals, 66 Ohio St.3d 452, 455-56, 1993-Ohio-115; Tempo Holding Co. v.Oxford City Council (1992), 78 Ohio App.3d 1, 9. The above provisions of the Zoning Code, read as a whole, compel the conclusion that the approved uses are permissible subject to the impact determination. Zoning Code section 5.14(E) bestows discretion upon the Board to approve or deny a site plan for a permitted use such as an advertising billboard subject to the impact determination. That is, an application for a permitted use may be denied if it negatively impacts the health, safety, morals and general welfare of the general public and neighboring property occupants. Were we to adopt appellant's arguments, such a construction of the Zoning Code would invalidate the function of the impact determination mandated by Zoning Code section 5.14(E)(3).
 {¶ 13} In denying appellant's application, the Board considered factors such as the billboard's size, location, and probable impact on the area. The Board heard input from local *Page 5 
agencies and neighboring property owners. Local agencies recommended changes to the site plan due to their concerns that the billboard may be aesthetically displeasing and a glare nuisance. Numerous neighboring property owners commented that the billboard would be a dangerous distraction to drivers in the very busy Route 42/McClure Road intersection and would spoil the landscape and views. The commissioners, also familiar with the property in question, echoed these concerns. Appellant did not present any rebuttal testimony. Following the hearing, the Board denied appellant's site plan application on the basis that the billboard would have a detrimental impact on the safety of the general public and occupants of neighboring properties.
 {¶ 14} On appeal, the common pleas court reviewed the whole record and upheld the Board's determination. Like the Board, the common pleas court considered the input given by local agencies, neighboring property owners, and the commissioners themselves at the public hearing on appellant's application. The court opined:
 {¶ 15} "* * * [S]ome of the comments of attending citizens were speculative but they were also logically probative. There was no testimony of studied traffic patterns but in the total context of a large sign, its implied purpose to draw attention, an intersection known by the Commissioners, and a sports complex with accompanying traffic there is a foundation for a public safety finding and certainly for an impact on the aesthetics of the area."
 {¶ 16} At the close of its analysis, the common pleas court determined that the commissioners did not act unconstitutionally, illegally, arbitrarily, capriciously, unreasonably, or without support of substantial, reliable, and probative evidence in denying appellant's site plan review application.
 {¶ 17} Upon reviewing the applicable law, we conclude that the common pleas court's decision was supported by a preponderance of reliable, probative, and substantial evidence. Although appellant proposed a permitted use in its application, the common pleas court did *Page 6 
not err in upholding the Board's decision where the billboard would negatively impact the general public and neighboring property occupants. There was evidence presented that the intersection already experienced heavy traffic due to the nearby sports complex. There was also evidence that the billboard would be located in close proximity to a number of residences and would be aesthetically harmful to the area. Although some of the evidence consisted of unsworn testimony, appellant failed to object to the admission thereof and has waived any challenges to the admission and consideration of this evidence. Stores Realty Co. v.Cleveland (1975), 41 Ohio St.2d 41, 42-43.
 {¶ 18} Because the common pleas court's decision was supported by a preponderance of reliable, probative, and substantial evidence, appellant's first assignment of error is overruled.
 {¶ 19} Judgment affirmed.
YOUNG, P.J. and WALSH, J., concur.
[1] The owner of the tract of land is not a party to this litigation. *Page 1