[Cite as *Hindu Soc. of Greater Cincinnati v. Union Twp. Bd. of Zoning Appeals*, 2019-Ohio-2494.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY

|  |  |  |
|---|---|---|
| HINDU SOCIETY OF GREATER CINCINNATI, | : | |
| | : | CASE NO. CA2018-11-081 |
| Appellee, | | |
| | : | O P I N I O N<br>6/24/2019 |
| - vs - | : | |
| | : | |
| UNION TOWNSHIP BOARD OF ZONING APPEALS, | : | |
| Appellant. | : | |

APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
Case No. 2016 CVF 01548

Aronoff, Rosen & Hunt, Richard A. Paolo, Edward P. Akin, 2200 U.S. Bank Tower, 425 Walnut Street, Cincinnati, Ohio 45202, for appellee

Schroeder, Maundrell, Barbiere & Powers, Lawrence E. Barbiere, 5300 Socialville-Foster Road, Suite 200, Mason, Ohio 45040, for appellant

**S. POWELL, J.**

{¶ 1} Appellant, Union Township Board of Zoning Appeals ("UTBZA"), appeals the decision of the Clermont County Court of Common Pleas reversing its decision in a case involving a conditional use application filed by appellee, Hindu Society of Greater Cincinnati, Inc. ("Hindu Society"). For the reasons outlined below, we affirm the common pleas court's

decision.

## Facts and Procedural History

{¶ 2} On September 7, 2016, the Hindu Society filed a conditional use application with the UTBZA. The Hindu Society's application requested permission to construct a new two-story addition onto its existing temple located on its 105-acre Union Township property. The addition was to provide an expanded worship area on the Hindu Society's property for the purpose of housing additional deities used as part of the Hindu religion. There is no dispute that at the time the Hindu Society filed its application that its property had two access points; one from Klatte Road and the other from Barg Salt Run Road.

{¶ 3} A conditional use application like the one at issue in this case is governed by Section 442.1 of the Union Township Zoning Resolution ("UTZR"). Pursuant to that section of the UTZR:

> In considering an application for a conditional use the Board of Zoning Appeals shall give due regard to the nature and condition of all adjacent uses and structures; and in authorizing a conditional use the Board may impose such requirements and conditions with respect to location, construction, maintenance and operation in addition to those expressly stipulated in this Resolution for the particular conditional use as the Board may deem necessary for the protection of adjacent properties and the public interest.

{¶ 4} On October 6, 2016, the UTBZA held a hearing on the Hindu Society's conditional use application. During this hearing, the UTBZA heard testimony from five witnesses: William Fiedler, the architect of the proposed temple expansion project, Steven Hunt, one of the Hindu Society's attorneys representing it before the UTBZA, and three neighboring property owners to the Hindu Society's property. The following is a summary of the testimony and evidence provided at that hearing.

{¶ 5} Fiedler testified regarding the proposed temple expansion project and the efforts made to construct the temple in accordance with the Hindu faith. This includes

building the temple structure with consideration of the number nine,[1] as well as an eastern facing orientation to the property, the ability to enter the property from the east, and the capability of devotees to look eastward when praying to the on-site deities.[2] There is no dispute that the Klatte Road entrance allows the public to enter the Hindu Society's property from the east.

{¶ 6} Hunt testified regarding the Klatte Road entrance and the UTBZA's concerns as it relates to the Klatte Road entrance. As part of his testimony, Hunt noted that once it became known that the Klatte Road entrance was a concern "a number of years ago" that the Hindu Society "spent $1,300,000 to buy additional ground and to build that additional access road" onto its property from Barg Salt Run Road. After the Barg Salt Road entrance was completed, Hunt testified the Hindu Society "agreed to limit the use [of the Klatte Road entrance] but they never agreed to close it." This has resulted in approximately 95% of the public entering onto the Hindu Society's property from the Barg Salt Run Road entrance, whereas there are "maybe 10, 14 vehicles a day" that still use the Klatte Road entrance. This includes a temple priest who "comes in the morning and opens up by coming in that way."

{¶ 7} Despite the UTBZA's concerns regarding the Klatte Road entrance, Hunt noted that no traffic study had been conducted regarding the impact of the proposed temple expansion project would have on the surrounding roadways. Hunt also noted that there was no evidence indicating the number of vehicles using the Klatte Road entrance would increase due to the proposed temple expansion beyond those "maybe 10, 14 vehicles a

---

1. As it relates to the significance of the number nine, Fiedler testified the temple's main room was 81 feet by 81 feet and 27 feet tall, "so we try to comfort all the devotees to know that their temple is designed by the background and history of their religion that they follow."

2. Fiedler testified that an easterly direction is significant in Hinduism and dates back "thousands of years ago when they have prayer in the morning they face the east, and it alludes back to sun up." Fiedler also testified the sun "is in relationship to a Godly thing, the sun, and deservedly so."

day." But, in an effort to alleviate any potential conflict with its neighbors, Hunt testified the Hindu Society had nevertheless agreed to close the Klatte Road entrance when "major events take place, such as the festivals they have from time to time[.]"

{¶ 8} Three neighboring property owners in opposition to the Hindu Society's conditional use application then testified. The first witness testified that he had "no problem with the addition at all," but that he did have a "major problem with Klatte Road." These issues were based on his belief that the motorists who used the Klatte Road entrance onto the Hindu Society's property "don't pay attention to what's going on. They don't care. It's very frustrating." This witness supported his testimony by alleging "[he] had, about three years ago, had to walk down the street in front of a Union Township ambulance so people would move over to let that ambulance get through with his lights flashing." The record is devoid of any evidence to support this testimony. The record is also devoid of any evidence indicating the motorists this witness was referring to were motorists attempting to enter the Hindu Society's property from the Klatte Road entrance.

{¶ 9} The next witness testified that he too had "no problem" with the proposed temple expansion project. But, although having no problem with the Hindu Society expanding its temple, this witness nonetheless testified that the Hindu Society was the "worst neighbors you could possibly have." Seemingly unrelated to the Hindu Society itself, this witness based this opinion on the fact that Klatte Road was "only 14 feet wide." Therefore, according to this witness, Klatte Road "is not wide enough for two cars to pass without one going off the road," something this witness testified had "been a problem for 20 plus years."

{¶ 10} Similar to the first witness's testimony above regarding the problems he purportedly witnessed regarding a Union Township ambulance, this witness supported his testimony by alleging the width of Klatte Road had caused problems for the school bus

having to wait for other vehicles to back up so that it could pick up his grandchildren in the morning. The record is again devoid of any evidence to support this testimony. There was also no evidence that the vehicles this witness observed backing up for the school bus were driven by motorists entering the Hindu Society's property through the Klatte Road entrance.

{¶ 11} Like the first two witnesses' testimony outlined above, the third witness testified she also had issues with the motorists who used the Klatte Road entrance to enter onto the Hindu Society's property. This was due, at least in part, to the fact those motorists "fly down our street, they go off your roads, they pull in your drive, * * * they never know where they're going." This witness also testified that "[t]hey're not very good drivers." This witness further testified that it was the "first time [she] ever heard them bring up this is a religious reason why the gate can't be closed." Therefore, according to this witness, "I'm sure they had to dig back in their Bible or Koran or whatever they use, I don't know, to find that[.]"

{¶ 12} After briefly conferring on the matter, the UTBZA issued a decision granting the Hindu Society's conditional use application. The UTBZA, however, conditioned its decision to grant the application on the Hindu Society agreeing to five additional modifications. As set forth by the UTBZA, the additional modifications were as follows:

> (1) The primary and principal access point for the Hindu Temple shall be determined to be from Barg Salt Run Road, with the gate located along Klatte Road permanently closed, secured through electronic gate mechanisms/codes and Knox Box lock, to be utilized only by fire and police emergency responders and designated on the plans as "Emergency Access Only."
>
> (2) The access drive to the lower level storage area shall be paved in conjunction with the proposed construction project.
>
> (3) Building elevations, colors, and materials shall match the construction of the existing temple, and shall be subject to administrative review and approval.
>
> (4) All construction equipment shall enter through the Barg Salt

Run Road entrance only.

(5) Modification number one as stated herein, will be completed done prior to the issuance of the zoning permit for the project.

{¶ 13} On November 3, 2016, the Hindu Society appealed the UTBZA's decision to the common pleas court. The Hindu Society's appeal challenged only the first additional modification imposed by the UTBZA – that as a condition for the approval the Hindu Society's conditional use application it was necessary that the Klatte Road entrance to its property be permanently closed to the public. After the appeal was filed with the common pleas court, the parties attempted to come to an agreement on how the Klatte Road entrance could be used going forward. The parties ultimately did not reach an agreement.

{¶ 14} On April 20, 2018, the common pleas court held a hearing on the matter. During this hearing, the common pleas court heard arguments from counsel for both parties. This includes commentary from UTBZA's counsel that the Klatte Road entrance is used so infrequently that its permanent closure would be a "de minimus depravation" of the Hindu Society's rights. This commentary was confirmed by the Hindu Society's counsel who noted the Klatte Road entrance was only being used by certain elderly members and a temple priest. Therefore, as stated by the Hindu Society's counsel, "they're not trying to turn the Klatte Road back into the main entrance. That's not their objective here."

{¶ 15} On October 26, 2018, the common pleas court issued a decision reversing the UTBZA's decision that conditioned the approval of the Hindu Society's conditional use application on the permanent closure of the Klatte Road entrance to the public. In so holding, the common pleas court initially found the UTBZA's decision was arbitrary, unreasonable, and unsupported by the record. Specifically, as the common pleas court found:

Because the court cannot draw a connection between the deity room and Klatte Road traffic, the court cannot find that the

closure of the Klatte Road access point is necessary for the protection of adjacent properties and the public interest. The court finds that the [BZA's] decision to require the [Hindu Society] to close its Klatte Road access was not governed by reason and was without an adequate determining principle. Moreover, the [BZA's] decision is not supported by a preponderance of substantial, reliable, and probative evidence, as there was none indicating that the proposed conditional use would increase Klatte Road traffic. Accordingly, the court finds under R.C. 2506.04 that the [BZA's] decision was arbitrary, unreasonable, and unsupported by the preponderance of substantial reliable, and probative evidence on the whole record.

The common pleas court also found the UTBZA's decision could not stand because it constituted an unconstitutional taking of the Hindu Society's property.

**Appeal**

{¶ 16} The UTBZA now appeals from the common pleas court's decision, raising a single assignment of error for review. In its single assignment of error, the UTBZA challenges the common pleas court's decision finding that conditioning the approval of the Hindu Society's conditional use application on the permanent closure of the Klatte Road entrance to the public was arbitrary, unreasonable, and unsupported by the record. The BZA also challenges the common pleas court's decision finding that condition imposed by the UTBZA constituted an unconstitutional taking of the Hindu Society's property.

**Standard of Review**

{¶ 17} R.C. Chapter 2506 governs the standards applied to appeals of administrative agency decisions. *Hutchinson v. Wayne Twp. Bd. of Zoning Appeals*, 12th Dist. Butler No. CA2012-02-032, 2012-Ohio-4103, ¶ 14. Pursuant to R.C. 2506.04, a common pleas court reviewing an administrative appeal "'weighs the evidence in the whole record and determines whether the administrative order is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of the substantial, reliable, and probative evidence.'" *Bingham v. Wilmington Bd. of Zoning Appeals*, 12th Dist. Clinton No.

CA2012-05-012, 2013-Ohio-61, ¶ 6, quoting *Key-Ads, Inc. v. Warren Cty. Bd. of Commrs.*, 12th Dist. Warren No. CA2007-06-085, 2008-Ohio-1474, ¶ 7. A board of zoning appeals' decision is presumed to be valid and the burden is upon the party contesting the board's determination to prove otherwise. *Terrace Park v. Anderson Twp. Bd. of Zoning Appeals*, 1st Dist. Hamilton Nos. C-140741 and C-140745, 2015-Ohio-4602, ¶ 13.

{¶ 18} On the other hand, "'[a]n appeal to the court of appeals, pursuant to R.C. 2506.04, is more limited in scope.'" *Queen v. Union Twp. Bd. of Zoning Appeals*, 12th Dist. Fayette No. CA2015-05-011, 2016-Ohio-161, ¶ 13, quoting *Kisil v. Sandusky*, 12 Ohio St.3d 30, 34 (1984). To that end, "'this court on review is without jurisdiction to substitute its judgment for that of the [common pleas] court.'" *Smith v. Warren Cty. Rural Zoning Bd. of Zoning Appeals*, 12th Dist. Warren No. CA2018-07-078, 2019-Ohio-1590, ¶ 18, quoting *In re Lehman*, 10th Dist. Franklin No. 77AP-340, 1977 Ohio App. LEXIS 7449, *4-5 (Dec. 27, 1977). Rather, "this court must affirm the common pleas court's decision unless it finds, as a matter of law, that the lower court's decision was not supported by a preponderance of reliable, probative, and substantial evidence." *Taylor v. Wayne Twp. Bd. of Trustees*, 12th Dist. Butler No. CA2008-02-032, 2009-Ohio-193, ¶ 10. "Within the ambit of questions of law for appellate-court review is whether the common pleas court abused its discretion[.]" *Independence v. Office of the Cuyahoga Cty. Executive*, 142 Ohio St.3d 125, 2014-Ohio-4650, ¶ 14.

**Analysis**

{¶ 19} The common pleas court made two alternative findings to support its decision in this case. Those findings were (1) the UTBZA's decision was arbitrary, unreasonable, and unsupported by the record; and (2) the UTBZA's decision constituted an unconstitutional taking of the Hindu Society's property. Without considering the common pleas court's decision finding an unconstitutional taking had occurred, we find the common

pleas court did not err by finding the UTBZA's decision was arbitrary, unreasonable, and unsupported by the record. Therefore, because the common pleas court's decision was supported by a preponderance of reliable, probative, and substantial evidence as a matter of law, this court must affirm the common pleas court's decision.

{¶ 20} "'[T]he standard of review for courts of appeals in administrative appeals is designed to strongly favor affirmance.'" *Eckert v. Warren Cty. Rural Bd. of Zoning Appeals*, 12th Dist. Warren Nos. CA2017-06-095 and CA2017-07-107 thru CA2017-07-109, 2018-Ohio-4384, ¶ 25, quoting *Cleveland Clinic Found. v. Cleveland Bd. of Zoning Appeals*, 141 Ohio St.3d 318, 2014-Ohio-4809, ¶ 30. The UTBZA nevertheless argues the common pleas court's decision must be reversed since the common pleas court improperly substituted its judgment for that of the UTBZA. The UTBZA supports this argument by noting it was under no obligation to grant the Hindu Society a conditional use permit at all – "even if the Hindu Society satisfied all of the prescribed conditions and considerations set forth in the Zoning Resolution." Therefore, according to the UTBZA, the common pleas court's decision must be reversed since it failed to take into account the BZA's discretion under these circumstances. We disagree.

{¶ 21} This court does not dispute that the UTBZA may exercise its discretion when deciding whether to grant a conditional use permit. The same is true in regard to the UTBZA's authority to impose conditions on the granting of a conditional use permit. This court, in fact, even agrees with the UTBZA's claim that it "has broad discretion under the Zoning resolution and the law to impose such conditions when granting a conditional use which will preserve the health, safety and welfare of the neighbors." But, contrary to the UTBZA's assertions, we find it unreasonable for the UTBZA to think its discretion is unfettered, unlimited, and insulated from review by the common pleas court or by this court on appeal.

- 9 -

{¶ 22} As this court has stated previously, although in a slightly different context:

> [T]he authority to examine the effects of a proposed use on its surroundings does not imply unlimited discretion on the part of the decision-making body, and a decision concerning the effects of a particular use on adjacent uses and structures and uses must be based on substantial, reliable, and credible evidence.

*Tempo Holding Co. v. Oxford City Council*, 78 Ohio App.3d 1, 9 (12th Dist.1992). This holds true even in the context of the grant or denial of a conditional use permit. *See, e.g., E. Main St. Lofts v. Kent Planning Comm.*, 11th Dist. Portage No. 2018-P-0004, 2018-Ohio-5342 (city planning commission does not have unlimited discretion when deciding whether to deny a conditional use permit).

{¶ 23} While the UTBZA may disagree, this process makes sense when considering an opposite holding would allow a board of zoning appeals to go completely unchecked in its application of the relevant zoning laws irrespective of the impact its decision may have on the public. This would include, as in this case, denying the public access onto an applicant's property from a public roadway as a condition for granting a conditional use permit when there was no evidence indicating that decision was necessary for the protection of neighboring property owners or the general public as a whole. An appeal from an administrative agency decision exists for a reason. This case is but one example of why that process exists. The UTBZA's claim otherwise lacks merit.

{¶ 24} The UTBZA also argues the common pleas court erred by "imposing an additional 'necessary' requirement" when analyzing its decision in this case. The UTBZA claims this improperly placed the burden of proof on it to prove the proposed temple expansion project would result in increased traffic on Klatte Road so as to support the condition imposed. However, when reviewing the record, we find the common pleas court was doing nothing more than applying the plain language found in Section 442.1 of the UTZR in determining whether the UTBZA's decision was unconstitutional, illegal, arbitrary,

capricious, unreasonable, or unsupported by the preponderance of the substantial, reliable, and probative evidence.  Again, pursuant to UTZR Section 442.1:

> In considering an application for a conditional use the Board of Zoning Appeals shall give due regard to the nature and condition of all adjacent uses and structures; and in authorizing a conditional use the Board may impose such requirements and conditions with respect to location, construction, maintenance and operation in addition to those expressly stipulated in this Resolution for the particular conditional use *as the Board may deem necessary for the protection of adjacent properties and the public interest.*

(Emphasis added.)

{¶ 25} The common pleas court, in properly exercising its review of the UTBZA's decision, found it was arbitrary and unreasonable for the UTBZA to deem it necessary to permanently close the Klatte Road entrance to the public as a condition for the approval of the Hindu Society's conditional use application.  The common pleas court also found the UTBZA's decision was not supported by the record.  The common pleas court reached this decision upon finding the record devoid of any evidence to connect the proposed temple expansion project with any increased risk to the public traversing Klatte Road than what already existed.  When considering there was no evidence presented to indicate any increased traffic on Klatte Road would be generated by the temple expansion project, nor any evidence to indicate the project would impact the ingress and egress of traffic into and out of Klatte Road itself, the record fully supports the common pleas court's decision.

{¶ 26} Just as the Hindu Society argued before both the UTBZA and the common pleas court, the proposed temple expansion project is separate and wholly unrelated to the Klatte Road entrance onto its property.  Two of the neighbors opposing the Hindu Society's conditional use application specifically stated as much in their testimony before the UTBZA; one testifying he had "no problem with the addition at all," but that he did have a "major problem with Klatte Road," while the other testified his only issue was with the width of

Klatte Road, something that has "been a problem for 20 plus years." The UTBZA's decision indicates it too had no substantive concerns with the proposed temple expansion project itself, but that it did have concerns regarding the safety of Klatte Road in general.

{¶ 27} Given the fact that there was no evidence indicating the proposed temple expansion project would increase the traffic using the Klatte Road entrance beyond the current "maybe 10, 14 vehicles a day," nor any evidence that the expansion project would have any impact on the neighboring property owners at all, the problems associated with Klatte Road will remain the same irrespective of the proposed temple expansion project going forward. That is to say the problems with Klatte Road that had occurred during the previous 20 plus years – all of which are the direct result of the width of the public roadway – will continue for the next 20 plus years with or without the proposed temple expansion project being completed. Therefore, under these circumstances, we agree with the common pleas court's decision finding the condition imposed by the UTBZA was arbitrary, unreasonable, and unsupported by the record. The UTBZA's claim otherwise lacks merit.

{¶ 28} This court further disagrees with the UTBZA's claim that it acted reasonably in how it chose to "[strike] a balance between the testimony of the neighbors expressing their concerns and the needs of the Hindu Society." There can be no dispute that the neighbors who expressed their concerns did so in no uncertain terms. This includes one witness who testified her only concerns were with how "they" – presumably the motorist she witnessed using the Klatte Road entrance to enter onto the Hindu Society's property– "fly down our street, "go off your roads," "pull in your drive," and "never know where they're going." Public opinion, however, "is not evidence which may be considered when a [board of zoning appeals] is deciding whether to grant a conditional use permit." *Angels for Animals, Inc. v. Beaver Twp. Bd. of Zoning Appeals*, 7th Dist. Mahoning No. 04 MA 80, 2004-Ohio-7209, ¶ 16. This is because "[s]uch testimony cannot rise to the level of the

reliable, probative, and substantial evidence * * * unless there are facts included as part of those opinions." *Adelman Real Estate Co. v. Gabanic*, 109 Ohio App.3d 689, 694 (11th Dist.1996).

{¶ 29} Unlike the evidence that was presented in this case, "[t]he evidence presented in opposition to a conditional use permit should be direct evidence, which is more than speculation or opinion voiced in terms such as 'might,' 'potential,' 'feels,' and 'wondered.'" *Fallang v. Butler Cty. Bd. of Zoning Appeals*, 12th Dist. Butler No. CA97-06-118, 1998 Ohio App. LEXIS 287, *8 (Feb. 2, 1998). "In other words, while citizens' concerns should be considered by a board of zoning appeals and the trial court, 'legal matters are determined by facts, not beliefs or desires.'" *Id.*, quoting *Kabatek v. City of North Royalton City Council*, 8th Dist. Cuyahoga No. 71942, 1998 Ohio App. LEXIS 11, *7 (Jan. 8, 1998). This is true even when a conditional use application faces strong opposition for "[t]he objections of a large number of residents of the affected neighborhood are not a sound basis for the denial of the permit." *Pinnacle Woods Survival Game, Inc. v. Hambden Twp. Zoning Inspector*, 33 Ohio App. 3d 139, 140 (11th Dist.1986), quoting *SCA Services of Ohio, Inc. v. Ream*, 5th Dist. 5533, 1981 Ohio App. LEXIS 13209, *7 (Nov. 10, 1981).

**Conclusion**

{¶ 30} Without addressing whether the UTBZA's decision constituted an unconstitutional taking, we find no error in the common pleas court's decision at issue. Simply stated, the common pleas court did not err by finding the UTBZA's decision conditioning the approval of the Hindu Society's conditional use application on the permanent closer of the Klatte Road entrance was arbitrary, unreasonable, and unsupported by the record. This is because the common pleas court's decision was, as a matter of law, supported by a preponderance of reliable, probative, and substantial evidence. This court must affirm a common pleas court's decision when the decision issued

by the common pleas court meets this standard.

{¶ 31} In so holding, we again note the UTBZA's argument before the common pleas court that the Klatte Road entrance is used so infrequently that its permanent closure would be a "de minimus depravation" of the Hindu Society's rights. Because the Hindu Society would suffer only a "de minimus depravation" to its rights, the same must also be true as it relates to its neighboring property owners. That is to say the public's use of the Klatte Road entrance onto the Hindu Society's property would be a "de minimus depravation" to whatever right those property owners may have, if any, in limiting the public's use of the Klatte Road entrance. Therefore, finding no merit to any of the arguments raised herein, the UTBZA's single assignment of error is overruled and the common pleas court's decision is affirmed.

{¶ 32} Judgment affirmed.


HENDRICKSON, P.J., and RINGLAND, J., concur.