[Cite as *Beach v. Batavia Twp. Bd of Zoning Appeals*, 2021-Ohio-2876.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY


| | | |
|---|---|---|
| MICHAEL BEACH, et al., | : | |
| Appellants, | : | CASE NO. CA2021-02-006 |
| | : | O P I N I O N |
| - vs - | | 8/23/2021 |
| | : | |
| BATAVIA TOWNSHIP BOARD OF ZONING APPEALS, | : | |
| Appellee. | : | |


CIVIL APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
Case No. 2019 CVF 1535


Dinsmore & Shohl LLP, and Brian S. Sullivan and Andrew B. Cassady, for appellants.

Nichols, Speidel & Nichols, and David J. Frey, for appellee.


**S. POWELL, J.**

{¶ 1} Appellants, Michael Beach and Beach's Trees Selective Harvesting, LLC (collectively, "Beach"), appeal the decision of the Clermont County Court of Common Pleas denying Beach's appeal from a decision issued by appellee, Batavia Township Board of Zoning Appeals ("BTBZA"), rejecting Beach's conditional use application to build a recreational vehicle storage facility on Beach's property located at 4165 Taylor Road, Batavia Township, Clermont County, Ohio ("Property"). For the reasons outlined below, we

reverse and remand this matter to the common pleas court for further proceedings.

**Facts and Procedural History**

{¶ 2}   This case presents a unique, although fairly straightforward set of facts. There are, however, several undisputed facts that are necessary to understand this case. First, there is no dispute that the Property, which consists of 21.034 acres of mostly undeveloped farmland, is located on the south side of Taylor Road approximately 1,675 feet west of Clough Pike in Batavia Township, Clermont County, Ohio. There is also no dispute that the Property is zoned "I" Industrial District under Article 30 of the Batavia Township Zoning Resolution ("BTZR"). There is further no dispute that a "Recreational Vehicle Storage Facility" is a conditionally permitted use for property, like the Property at issue in this case, zoned "I" Industrial District under Article 30.04 Section N of the BTZR. Lastly, there is no dispute that the Property is located across Taylor Road from the Clermont County Airport ("Airport"). This includes a portion of the Airport's "runway protection zone."[1]

{¶ 3}   On June 27, 2019, Beach filed a conditional use application with the BTBZA seeking approval to build a recreational vehicle storage facility on the Property, i.e., a parking lot, where Beach intended to park campers, RVs, recreational equipment, and cars. The record indicates that the recreational vehicle storage facility at issue would be built on the Property approximately 500 to 550 feet south of Taylor Road directly across the street from the Airport.

{¶ 4}   On July 18, 2019, a hearing before the BTBZA began on Beach's conditional use application. However, rather than the BTBZA issuing its decision that day, the hearing was instead continued and reconvened approximately one month later on August 15, 2019.

---

1. Information in the record obtained from the Federal Aviation Administration, Central Region Airports Division, defines an airport's "runway protection zone" as a trapezoidal area "off the end of the runway end that serves to enhance the protection of people and property on the ground" in the event that an aircraft lands and/or crashes beyond the end of the airport's runway.

The hearing was then again continued so that Beach could obtain additional information regarding the project from the Federal Aviation Administration ("FAA"). The hearing ultimately concluded on November 21, 2019. The BTBZA heard testimony and accepted evidence from several sources during this hearing. This includes a study from the FAA that found "the described structure would have no substantial adverse effect on air navigation." This also includes testimony, as well as photographic evidence, establishing that only one aircraft had ever crashed on the Property since the Airport's construction over a half-century ago in 1968.[2]

{¶ 5} On December 16, 2019, the BTBZA issued its decision in a 3-2 vote rejecting Beach's conditional use application. In so holding, the majority of the BTBZA members determined that allowing Beach to construct a recreational vehicle storage facility on the Property would be hazardous or disturbing to existing or future neighboring uses. The majority of the BTBZA members also determined that allowing Beach to construct a recreational vehicle storage facility on the Property would unreasonably hinder or discourage the appropriate use and enjoyment of the adjacent land, buildings, and structures. This includes the Airport located across the street from the Property.

{¶ 6} On December 19, 2019, Beach appealed the BTBZA's decision to the common pleas court pursuant to R.C. 2506.01. The common pleas court heard oral arguments on Beach's appeal on October 3, 2020. Following oral arguments, the common pleas court took the matter under advisement.

{¶ 7} On January 15, 2021, the common pleas court issued a decision affirming the BTBZA's decision rejecting Beach's conditional use application upon finding there were "ample facts" to support the BTBZA's decision. The common pleas court reached this

---

2. The record indicates that this crash occurred on July 6, 2004 involving a Grumman American AA-1 airplane that was unable to safely take off due to the aircraft containing too heavy of a load.

decision despite specifically acknowledging that the BTBZA's decision may seem "illogical" and "arbitrary" given the fact that, in accordance with Article 30.02 of the BTZR, Beach could have built several other structures on the Property without the need to seek the BTBZA's approval.  Pursuant to BTZR Article 30.02 Sections F and I, which sets forth the principally permitted uses for property zoned "I" Industrial District, this includes an "Automobile, Motorcycle, Recreational Vehicle, Truck, Trailer and Farm Implement Sales; New or Used" and a "Self-Service Storage Facility."

### Appeal

{¶ 8}   Beach now appeals the common pleas court's decision, raising a single assignment of error for review.  In his single assignment of error, Beach argues the common pleas court erred by affirming the BTBZA's decision rejecting Beach's conditional use application.  We agree.

### Standard of Review

{¶ 9}   "R.C. Chapter 2506 governs the standards applied to appeals of administrative agency decisions."  *Hindu Soc. of Greater Cincinnati v. Union Twp. Bd. of Zoning Appeals*, 12th Dist. Clermont No. CA2018-11-081, 2019-Ohio-2494, ¶ 17, citing *Hutchinson v. Wayne Twp. Bd. of Zoning Appeals*, 12th Dist. Butler No. CA2012-02-032, 2012-Ohio-4103, ¶ 14.  Pursuant to R.C. 2506.04, a common pleas court reviewing an administrative appeal "'weighs the evidence in the whole record and determines whether the administrative order is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of the substantial, reliable, and probative evidence.'" *Bingham v. Wilmington Bd. of Zoning Appeals*, 12th Dist. Clinton No. CA2012-05-012, 2013-Ohio-61, ¶ 6, quoting *Key-Ads, Inc. v. Warren Cty. Bd. of Commrs.*, 12th Dist. Warren No. CA2007-06-085, 2008-Ohio-1474, ¶ 7.  A board of zoning appeals' decision is presumed to be valid and the burden is upon the party contesting the board's determination

to prove otherwise. *Terrace Park v. Anderson Twp. Bd. of Zoning Appeals*, 1st Dist. Hamilton Nos. C-140741 and C-140745, 2015-Ohio-4602, ¶ 13.

{¶ 10} "'An appeal to the court of appeals, pursuant to R.C. 2506.04, is more limited in scope.'" *Queen v. Union Twp. Bd. of Zoning Appeals*, 12th Dist. Fayette No. CA2015-05-011, 2016-Ohio-161, ¶ 13 quoting *Kisil v. Sandusky*, 12 Ohio St.3d 30, 34, (1984). "[T]he standard of review for courts of appeals in administrative appeals is designed to strongly favor affirmance." *Cleveland Clinic Found. v. Cleveland Bd. of Zoning Appeals*, 141 Ohio St.3d 318, 2014-Ohio-4809, ¶ 30. "'[T]his court on review is without jurisdiction to substitute its judgment for that of the [common pleas] court.'" *Smith v. Warren Cty. Rural Zoning Bd. of Zoning Appeals*, 12th Dist. Warren No. CA2018-07-078, 2019-Ohio-1590, ¶ 18, quoting *In re Lehman*, 10th Dist. Franklin No. 77AP-340, 1977 Ohio App. LEXIS 7449, *4-5 (Dec. 27, 1977). Rather, "this court must affirm the common pleas court's decision unless it finds, as a matter of law, that the lower court's decision was not supported by a preponderance of reliable, probative, and substantial evidence." *Taylor v. Wayne Twp. Bd. of Trustees*, 12th Dist. Butler No. CA2008-02-032, 2009-Ohio-193, ¶ 10.

{¶ 11} "Within the ambit of questions of law for appellate-court review is whether the common pleas court abused its discretion[.]" *Independence v. Office of the Cuyahoga Cty. Executive*, 142 Ohio St.3d 125, 2014-Ohio-4650, ¶ 14. An abuse of discretion is indicated where there is an arbitrary, unreasonable, or unconscionable attitude on the part of the common pleas court. *Natl. Amusements, Inc. v. Union Twp. Bd. of Zoning Appeals*, 12th Dist. Clermont No. CA2002-12-107, 2003-Ohio-5434, ¶ 7. An "arbitrary" decision "is one made 'without consideration of or regard for facts [or] circumstances.'" *State v. Beasley*, 152 Ohio St.3d 470, 2018-Ohio-16, ¶ 12 quoting *Black's Law Dictionary* 125 (10th Ed.2014). A decision is "unreasonable" where it is not supported by a sound reasoning process. *Nationwide Agribusiness Ins. Co. v. Heidler*, 12th Dist. Clinton Nos. CA2018-06-003,

CA2018-07-004, CA2018-09-012, and CA2018-09-015, 2019-Ohio-4311, ¶ 46; *AAAA Ents., Inc. v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 161 (1990) ("[a] decision is unreasonable if there is no sound reasoning process that would support that decision").

**Analysis**

{¶ 12} Without question, the facts of this case are unique. However, taken at its simplest form, this case is about whether a township board of zoning appeals can deny a business' conditional use application requesting permission to park recreational vehicles on its property located directly across the street from a county airport, a portion of which aircraft might use in case of an emergency, when that business could have built other structures, including a recreational vehicle sales lot and a self-service storage facility, without the need to obtain approval from the board. Presented with these facts, the BTBZA exercised its discretion and rejected Beach's conditional use application, a decision the common pleas court subsequently affirmed upon finding the BTBZA's decision was not "unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record."

{¶ 13} But, despite the limited standard of review this court must apply to the case at bar, and even though this court must refrain from substituting its judgment for that of the common pleas court, we nevertheless reverse the common pleas court's decision in this case. As noted above, the common pleas court specifically acknowledged within its decision that the BTBZA's decision to reject Beach's conditional use application *may seem* "illogical" and "arbitrary" in this case given that Beach would not have needed to file a conditional use application with the BTBZA had Beach wanted to build an "indoor storage facility" instead of a recreational vehicle storage facility. This is because, after a full and thorough review of the record, which includes the FAA's study finding "the described

structure would have no substantial adverse effect on air navigation," the BTBZA's decision to deny Beach's conditional use application in this case *actually was* illogical and arbitrary. Therefore, because the BTBZA's decision denying Beach's conditional use application was illogical and arbitrary, the common pleas court's decision to uphold that decision was also illogical and arbitrary, thereby rendering the common pleas court's decision an abuse of discretion.

{¶ 14} We do not reach this decision lightly. However, just like one of the BTBZA's board members stated at the November 21, 2019 hearing on Beach's conditional use application, this court sees no difference "between a parking lot with a building on the property" and "a parking lot with no building." Moreover, while the common pleas court found it was not conjecture that an airplane *had crashed* on the Property in the past, whether an aircraft *would crash* on the Property in the future certainly is. The common pleas court, just like this court, cannot predict the future. What this court can do is uphold the law and apply the well-established principle that "zoning ordinances are to be construed in favor of the property owner because they are in derogation of the common law and deprive the property owner of uses to which the owner would otherwise be entitled." *Cleveland Clinic Found. v. Cleveland Bd. of Zoning Appeals*, 141 Ohio St.3d 318, 2014-Ohio-4809, ¶ 34, citing *Univ. Circle, Inc. v. Cleveland*, 56 Ohio St.2d 180, 184 (1978). That includes the owner of the Property at issue in this case, Beach.

{¶ 15} Simply stated, under the unique facts and circumstances of this case, we believe Beach should not be precluded by the BTBZA from building what amounts to nothing more than a parking lot on the Property based on the off chance that an aircraft might, at some undetermined time in the future, use some portion of the Property in the case of an emergency. This is particularly true here when considering this has happened only one time since the Airport's construction over a half-century ago in 1968. That is to

say nothing of the fact, pursuant to Article 30.02 Section F and I of the BTZR, Beach could have built an "Automobile, Motorcycle, Recreational Vehicle, Truck, Trailer and Farm Implement Sales; New or Used" and a "Self-Service Storage Facility" on the Property without the need to file a conditional use application with the BTBZA. As noted above, we find this to be illogical and arbitrary.

{¶ 16} To hold otherwise, like both the BTBZA and the common pleas court did in this case, creates a situation that is, to an extent, nearly analogous to an unconstitutional taking of the Property. The Property, which the record indicates has been used as farmland since the Airport's construction in 1968, could have remained that way had the Property been purchased by the Airport. It was not. It was instead purchased by Beach to be used as, among other things, a recreational vehicle storage facility. Once again, this court's opinion is best summarized by a BTBZA board member's statements made at the November 21, 2019 hearing. As that BTBZA board member stated:

> From the fact that right now it's a cornfield and it's been a cornfield forever. And they've [i.e., the Airport] had the luxury of never having to need to buy it. Now it becomes an issue. You can't deny the people who own it, who bought it to use it as industrial property which it is zoned.
>
> * * *
>
> I'm looking at it from the owners' standpoint, [Beach] bought the property and (inaudible). And the airport had the luxury of being a cornfield since its conception. So something has to happen one way or the other. So we've got, you know, change is happening. We just can't have it, just because we don't like it to happen, it's going to happen.

{¶ 17} Although the issue in this case deals with a conditional use rather than a principally permitted use under the BTZR, we nevertheless agree with the underlying point made by this BTBZA board member. That is, denying Beach's conditional use application to build a recreational storage facility on the Property simply because the Property has been

used as farmland since the Airport's construction in 1968 creates a situation that is fundamentally unfair to Beach as the current owner of the Property. In reaching this decision, we note that what Beach paid for the Property is irrelevant, as is the legal concept of "coming to the nuisance" as referenced by the BTBZA just prior to the BTBZA issuing its decision. The owner of the Property, Beach, wants to use the Property for something other than farmland. The BTBZA's decision denying Beach that opportunity, as well as the common pleas court's decision affirming the BTBZA's decision denying Beach that opportunity, was error as that decision was illogical and arbitrary under the unique facts and circumstances of this case.

{¶ 18} In so holding, we note that this court does not dispute that the BTBZA may exercise its discretion when deciding whether to grant or deny an applicant's conditional use application. However, while we believe the BTBZA has the authority to exercise its discretion when deciding whether to grant or deny an applicant's conditional use application, including Beach's conditional use application at issue here, the BTBZA's decision is not unfettered, unlimited, and insulated from review. *See Hindu Soc. of Greater* Cincinnati, 2019-Ohio-2494 at ¶ 21. Therefore, as stated previously, because the BTBZA's decision denying Beach's conditional use application was illogical and arbitrary, the common pleas court's decision to uphold that decision was also illogical and arbitrary, thereby rendering the common pleas court's decision an abuse of discretion. Accordingly, finding merit to Beach's single assignment of error challenging the common pleas court's decision affirming the BTBZA's decision rejecting Beach's conditional use application to build a recreational vehicle storage facility on the Property, the common pleas court's decision is reversed and this matter is remanded to the common pleas court for further proceedings.

{¶ 19} Judgment reversed and remanded.

PIPER, P.J., and BYRNE, J., concur.

- 9 -