[Cite as *W. Jefferson Properties, L.L.C. v. W. Jefferson Village Council*, 2022-Ohio-3277.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

MADISON COUNTY

|  |  |  |
|---|---|---|
| WEST JEFFERSON PROPERTIES, LLC, | : | |
| Appellant, | : | CASE NO. CA2022-04-009 |
| | : | O P I N I O N |
| - vs - | | 9/19/2022 |
| | : | |
| VILLAGE COUNCIL OF THE VILLAGE OF WEST JEFFERSON, OHIO, | : | |
| | : | |
| Appellee. | : | |

CIVIL APPEAL FROM MADISON COUNTY COURT OF COMMON PLEAS
Case No. CVH 20210207

W. Douglas Lowe and Connie J. Klema, for appellant.

Bricker & Eckler LLP, and Brodi J. Conover and Carly M. Sherman, for appellee.

**S. POWELL, J.**

{¶ 1} Appellant, West Jefferson Properties, LLC ("WJP"), appeals the decision of the Madison County Court of Common Pleas upholding the administrative decision issued by appellee, Village Council of the Village of West Jefferson, Madison County, Ohio ("Village Council"), rejecting WJP's plan to build a large mixed-use residential development

on property located within the village.[1]  For the reasons outlined below, we affirm the common pleas court's decision.

### Facts and Procedural History

{¶ 2}  In September of 2021, the village's planning and zoning commission notified Village Council that it was recommending they approve WJP's plan to build a large mixed-use residential development on property located within the village.  The proposed plan would have allowed WJP to build a 24-building residential site consisting of 286 total units with an additional commercial site consisting of a one-story, multi-tenant building with approximately 16,000 square feet of retail space.  After holding three separate meetings on the matter, one of which was held for the sole purpose of discussing WJP's plan, the seven Village Council members rejected WJP's plan in a split four-to-three vote.

{¶ 3}  In November of 2021, WJP initiated an administrative appeal from the Village Council's decision.  Several months later, in March of 2022, the common pleas court issued a decision upholding the Village Council's decision.  There is no dispute that prior to the common pleas court issuing its decision that the court did not issue a briefing schedule. There is also no dispute that neither WJP nor Village Council submitted briefs with the court setting forth their respective positions.  There is further no dispute that WJP never filed an affidavit with the court alleging the recordings and documents that Village Council had filed with the common pleas court did not comprise the complete transcript of all original papers, testimony and evidence offered, heard, or taken into consideration by Village Council when issuing its decision.

{¶ 4}  In issuing its decision, the common pleas court noted that, "[i]n review of the

---

1. Pursuant to Loc.R. 6(A), we sua sponte remove this appeal from the accelerated calendar for purposes of issuing this opinion.

record, it does not appear that any of [the] deficiencies [listed in R.C. 2506.03(A)(1) to (5)] exist, nor did either party file an affidavit alleging such deficiencies." The common pleas court therefore decided to "proceed to consider the appeal based upon the transcript and the certified record of proceedings" in accordance with R.C. 2506.03(A). In so doing, the common pleas court determined that even though a WJP representative had been given the opportunity to speak and respond to the various questions and concerns that had been raised regarding WJP's plan, there was still a preponderance of reliable, probative, and substantial evidence in the record to support the Village Council's decision. Explaining why that was, the common pleas court stated, in pertinent part, the following:

> The Village Counsel considered [WJP's plan] over three council meetings. In fact, the Council meeting on October 13, 2021, was entirely devoted to discussing [WJP's plan]. Before making its decision, the Village Council considered [the plan] in detail, including a potential pool in the development, types of units offered in the development, traffic patterns and how the development will affect traffic, trees and green space within the development, parking, and new retail space.

{¶ 5} In April of 2022, WJP filed a timely notice of appeal from the common pleas court's decision.[2] WJP's appeal now properly before this court for decision, WJP has raised three assignments of error for review. For ease of discussion, and because they raise essentially the same argument, WJP's first and second assignments of error will be addressed together.

---

2. We note that, after the common pleas court issued its decision in this case upholding the Village Council's decision, WJP moved the common pleas court to set aside its decision and allow it to supplement the record. WJP also moved the common pleas court to establish a briefing schedule. The common pleas court granted West Jefferson Properties' motion one day after WJP had filed its notice of appeal in this case. The common pleas court's decision granting WJP's motion was therefore a nullity for it is well-established that "the filing of a notice of appeal divests the trial court of jurisdiction and that any subsequent ruling or order by the trial court is null and void." *In re Estate of Meyer*, 63 Ohio App.3d 454, 457, fn. 2 (12th Dist.1989); *see, e.g., State ex rel. Dobson v. Handwork*, 159 Ohio St.3d 442, 2020-Ohio-1069, ¶ 17 (explaining that a trial court judge's decision to grant several post-judgment motions was "null and void" given that the post-judgment orders issued by the trial court judge modified the very substance of the judgment being appealed).

**Administrative Appeal Standard of Review**

{¶ 6} "R.C. Chapter 2506 authorizes appeals to the common pleas court of the administrative decisions of political subdivisions." *State ex rel. Henderson v. New Richmond*, 12th Dist. Clermont No. CA2019-11-089, 2020-Ohio-4875, ¶ 18.

{¶ 7} "'A common pleas court reviewing an administrative appeal pursuant to R.C. 2506.04 weighs the evidence in the whole record and determines whether the administrative order is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of the substantial, reliable, and probative evidence.'" *Bingham v. Wilmington Bd. of Zoning Appeals*, 12th Dist. Clinton No. CA2012-05-012, 2013-Ohio-61, ¶ 6, quoting *Key-Ads, Inc. v. Warren Cty. Bd. of Commrs.*, 12th Dist. Warren No. CA2007-06-085, 2008-Ohio-1474, ¶ 7.

{¶ 8} "'[A]n appeal to the court of appeals, pursuant to R.C. 2506.04, is more limited in scope.'" *Queen v. Union Twp. Bd. of Zoning Appeals*, 12th Dist. Fayette No. CA2015-05-011, 2016-Ohio-161, ¶ 13, quoting *Kisil v. Sandusky*, 12 Ohio St.3d 30, 34 (1984). An appellate court must "'affirm the common pleas court's decision unless it finds, as a matter of law, that the lower court's decision was not supported by a preponderance of reliable, probative, and substantial evidence.'" *Beach v. Batavia Twp. Bd. of Zoning Appeals*, 12th Dist. Clermont No. CA2021-02-006, 2021-Ohio-2876, ¶ 10, quoting *Taylor v. Wayne Twp. Bd. of Trustees*, 12th Dist. Butler No. CA2008-02-032, 2009-Ohio-193, ¶ 10.

**Assignments of Error No. 1 and 2:**

{¶ 9} In its first assignment of error, WJP argues the common pleas court erred by issuing a decision overruling the administrative appeal without first giving it an opportunity to be heard. Similarly, in its second assignment of error, WJP argues the common pleas court violated its due process rights by issuing a decision without first giving it an opportunity

to "present any argument in support of its appeal." To support these arguments, WJP cites to the generally well-established principles underlying procedural due process, i.e., notice and an opportunity to be heard. WJP also cites to the language found in R.C. 2506.03(A) that an administrative appeal "shall proceed as in the trial of a civil action." This is in addition to WJP citing to the Ohio Supreme Court's decision in *Dudukovich v. Lorain Metropolitan Housing Authority*, 58 Ohio St.2d 202 (1979), a decision in which the Ohio Supreme Court stated:

> Although a hearing before the Court of Common Pleas pursuant to R. C. 2506.01 is not *de novo*, it often in fact resembles a *de novo* proceeding. R. C. 2506.03 specifically provides that an appeal pursuant to R. C. 2506.01 "shall proceed as in the trial of a civil action," and makes liberal provision for the introduction of new or additional evidence.

(Emphasis sic.) *Id.* at 206-207, quoting *Cincinnati Bell, Inc. v. Glendale*, 42 Ohio St.2d 368, 370 (1975).

{¶ 10} Based on the basic procedural due process principles, the language found in R.C. 2506.03(A), and the Ohio Supreme Court's decision in *Dudukovich*, WJP argues the law "clearly contemplates" giving the appellant in an administrative appeal the opportunity to have its day in court by, at the very least, allowing the appellant to submit a brief setting forth its arguments and, under the appropriate circumstances, present additional evidence. However, although we agree that the statutory and basic procedural due process principles should be followed, we can find no statutory authority that requires a common pleas court to give the appellant in an administrative appeal the opportunity to file a brief before the court can issue its decision. This holds true even though the language found in R.C. 2506.03(A) requires the matter to proceed as in the trial of a civil action.

{¶ 11} We reach this decision because, as R.C. 2506.03(A) also states, the appeal "shall be confined to the transcript" filed by the officer or body from which the appeal was

taken. This changes only if it appears, on the face of that transcript or by affidavit filed by the appellant, that one of the circumstances listed in R.C. 2506.03(A)(1)-(5) exist. These circumstances include, but are not limited to, instances where the transcript does not contain a report of all evidence admitted or proffered by the appellant. R.C. 2506.03(A)(1). These circumstances also include instances where the appellant was not permitted to appear and be heard in person, or by the appellant's attorney, in opposition to the final order, adjudication, or decision. R.C. 2506.03(A)(2).

{¶ 12} WJP argues this case falls squarely within the circumstances described under R.C. 2506.03(A)(1) because the transcript that Village Council filed with the common pleas court did not represent all the evidence that was presented to the seven Village Council members for their consideration. But, although having several months to do so, WJP never filed an affidavit notifying the common pleas court that the recordings and documents that had been filed did not comprise the complete transcript of all original papers, testimony and evidence offered, heard and taken into consideration by the Village Council when issuing its decision. There was also nothing on the face of the transcript itself that would in any way indicate to the common pleas court that the transcript Village Council filed was incomplete. Rather, just as the common pleas court found, and for which we agree, "[i]n review of the record, it does not appear that any of [the] deficiencies [listed in R.C. 2506.03(A)(1) to (5)] exist, nor did either party file an affidavit alleging such deficiencies."

{¶ 13} Under these circumstances, we can find no error in the way the common pleas court undertook its prescribed duties requiring it to weigh the evidence submitted to it for review and determine whether the decision being appealed was unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of the substantial, reliable, and probative evidence. This is because, given the record presented to the common pleas court, it did not appear, either on the face of the transcript or by an

affidavit filed by WJP, that any of the circumstances set forth in R.C. 2506.03(A)(1)-(5) applied that would necessitate giving WJP the opportunity to file a brief prior to the court issuing its decision. That R.C. 2506.03(A) requires the matter to proceed as in the trial of a civil action does not change this fact. Nor does the fact that, pursuant to R.C. 2505.03(B), administrative-related appeals are to be governed by the Rules of Appellate Procedure. An appellant cannot sit idly by only to then complain about the consequences of its own inaction. This holds true in both administrative and non-administrative appeals alike.

{¶ 14} We can also find no violation of the appellant's procedural due process rights under these circumstances. This is because, as the record firmly establishes, a WJP representative was given the opportunity to speak and respond to all of Village Council's various concerns raised at all the three council meetings where WJP's plan was discussed and considered. This allowed WJP ample opportunity to present its position, arguments, and contentions on the record for the common pleas court to review on appeal. This is evidenced by the detailed meeting minutes taken of those three council meetings, as well as the audio recording of those three council meetings, both of which were made part of the record before the common pleas court and this court on appeal. The common pleas court was more than capable of reviewing the record submitted to it for review to determine the nature of WJP's position, arguments, and contentions without the need for any additional briefing being submitted to the court for its consideration. This is, in fact, exactly what the common pleas court did when undertaking its review of the Village Council's decision at issue in this case.

{¶ 15} In light of the foregoing, and although this court may have done it differently, we can find no error in the manner that the common pleas court undertook its prescribed duties requiring it to weigh the evidence submitted to it for review when determining whether the decision being appealed was unconstitutional, illegal, arbitrary, capricious,

unreasonable, or unsupported by the preponderance of the substantial, reliable, and probative evidence. To hold otherwise, thereby accepting WJP's contention that a common pleas court must set a briefing schedule and accept briefs from the parties in every administrative appeal that comes before it, would require something the General Assembly clearly did not intend given the plain language found in R.C. Chapter 2506. Such holding would also render meaningless the local rules that have been put in place by the various courts of common pleas setting forth how those courts would proceed in deciding an administrative appeal like the one brought by WJP in this case.[3] Accordingly, because we find no merit to any of the arguments raised by WJP herein in support of its first or second assignments of error, WJP's first and second assignments of error lack merit and are overruled.

**Assignment of Error No. 3:**

{¶ 16} THE TRIAL COURT ERRED BY NOT ALLOWING APPELLANT THE OPPORTUNITY TO SUPPLEMENT THE RECORD PURSUANT TO OHIO REVISED CODE § 2506.03(A).

{¶ 17} In its third assignment of error, WJP argues the common pleas court erred by failing to give it the opportunity to supplement the record prior to the court issuing its decision in this case. However, as the record indicates, and as WJP readily admits, WJP did not move the common pleas court to supplement the record until after the court had

---

3. There are a number of common pleas courts that have established local rules specifically addressing how those courts will proceed with administrative appeals. This includes the common pleas courts for Franklin, Montgomery, and Greene counties. *See, e.g.,* Loc.R. 59 of the Franklin County Common Pleas Court, General Division; Mont. Co. C.P.R. 2.37; and Gr. Co. C.P.R. 2.21. This also includes the common pleas courts for Butler and Warren counties. *See, e.g.,* Loc.R. 5.09 of the Butler County Court of Common Pleas, General Division and W.C.C.P. Local Rule 7.15. In these courts, the local rules specify how the court will manage an administrative appeal, which includes setting the number of days from the filing of the notice of appeal or the transcript that a party's written brief is due. However, just because some (or even most) courts of common pleas throughout this state have local rules providing for this type of procedure in administrative appeals, this does not mean that WJP is entitled to submit a written brief in a court, like the common pleas court in this case, the Madison County Court of Common Pleas, that has yet to set similar procedural rules for itself.

already issued its decision in this matter. The record is also devoid of anything to indicate the common pleas court should have sua sponte permitted WJP to supplement the record. Therefore, because WJP did not move the common pleas court to supplement the record until after the court had already issued its decision, and because there is nothing in the record to indicate the court should have permitted WJP to supplement the record sua sponte, the common pleas court did not err by failing to give WJP the opportunity to supplement the record prior to the court issuing its decision in this case. Accordingly, WJP's third assignment of error lacks merit and is overruled.

## Conclusion

{¶ 18} For the reasons outlined above, and finding no merit to any of the arguments WJP raised in support of its three assignments of error, WJP's three assignments of error are overruled and the common pleas court's decision upholding the administrative decision issued by Village Council rejecting WJP's plan to build a large mixed-use residential development on property located within the village is affirmed.

{¶ 19} Judgment affirmed.

M. POWELL, P.J., and HENDRICKSON, J., concur.