[Cite as *O'Connor v. Exel, Inc.*, 2009-Ohio-6867.]

# IN THE COURT OF APPEALS OF OHIO
# THIRD APPELLATE DISTRICT
# ALLEN COUNTY

SEAN J. O'CONNOR,

    APPELLEE,

  v.

EXEL, INC., ET AL.,

    APPELLEES,

  and

DIRECTOR, OHIO DEPARTMENT
OF JOB & FAMILY SERVICES,

    APPELLANT.

CASE NO. 1-09-31

O P I N I O N

**Appeal from Allen County Common Pleas Court
Trial Court No. CV 2008 1179**

**Judgment Affirmed in Part, Reversed in Part and Cause Remanded**

**Date of Decision:  December 28, 2009**

**APPEARANCES:**

    *Eric A. Baum* for Appellant

    *C. Bradford Kelley* for Appellee Sean J. O'Connor

**WILLAMOWSKI, J.**

{¶1} Appellant Ohio Department of Job and Family Services ("ODJFS") brings this appeal from the judgment of the Court of Common Pleas reversing the judgment of the Unemployment Review Commission denying benefits to Appellee Sean J. O'Connor ("O'Connor"). For the reasons set forth below, the judgment is affirmed in part and reversed in part.

{¶2} From April 8, 2003, until February 12, 2008, O'Connor was employed by Exel, Inc. ("Exel") as a forklift operator/mechanic. Exel terminated O'Connor for allegedly working unauthorized overtime. On February 14, 2008, O'Connor filed a claim for unemployment compensation. The claim was approved by ODJFS on March 6, 2008. Exel filed for reconsideration. On April 16, 2008, the Director of ODJFS issued a decision affirming the prior decision. Exel appealed and a telephone hearing was held on June 2, 2008. The Board of Review Commission then reversed the prior decisions and denied benefits to O'Connor. O'Connor filed his notice of appeal with the trial court on July 30, 2008. The transcript from the hearing was filed with the trial court on September 8, 2008.

{¶3} On January 9, 2009, the trial court found that the record was insufficient to support the judgment of the Commission and remanded the matter to the commission for an additional hearing. This order instructed the

Commission to determine whether the overtime was authorized by the prior supervisor, to examine O'Connor's prior W-2s and paycheck stubs, and to prepare a transcript of the hearing and file it in the trial court. The Commission held a second hearing on March 5, 2009. On May 1, 2009, the trial court entered an order for the commision to file the transcript and to issue a decision based on the additional evidence. On May 20, 2009, the trial court issued its final judgment on the matter and reversed the earlier judgment of the Commission as being against the manifest weight of the evidence. The ODJFS appeals from this judgment and raises the following assignments of error.

### First Assignment of Error

**In an unemployment-compensation administrative appeal, the common pleas court may reverse, vacate or modify the decision of the unemployment compensation review commission or remand the matter for further proceedings, but it may do so only if it first finds that the commission's decision was "unlawful, unreasonable, or against the manifest weight of the evidence." Here, the trial court erred by remanding the matter to the commission for additional evidence without making this requisite finding.**

### Second Assignment of Error

**In an unemployment-compensation administrative appeal, the common pleas court is limited to a review of the certified record provided by the unemployment compensation review commission. The court may remand the matter for additional evidence only if that evidence was proffered before the review commission. Here, the trial court erred by remanding the matter for the inclusion of testimony, w-2 wage statements and paycheck stubs that were never proffered in the administrative proceedings.**

**Third Assignment of Error**

**A common pleas court may review only a final decision from the unemployment compensation review commission. Here, the trial court remanded the matter for a second hearing. Additional evidence. (sic) Before the commission could issue a final decision, however, the trial court issued a decision reversing the commission. The trial court erred in issuing that decision before the commission issued its final decision.**

{¶4} In the first and second assignments of error, ODJFS alleges that the trial court erred in remanding the matter to the Commission for a second hearing. The Supreme Court of Ohio has held that common pleas courts reviewing an administrative decision may remand the cause for further proceedings, including a new hearing. *State ex rel. Village of Chagrin Falls v. Geauga County Bd. Of Commrs.*, 96 Ohio St.3d 400, 2002-Ohio-4906, 775 N.E.2d 512. "This court holds that the power to reverse and vacate decisions necessarily includes the power to remand the cause to the decision maker." *Superior Metal Products, Inc. v. Admr., Ohio Bur. of Emp. Serv., et al.* (1975), 41 Ohio St.2d 143, 146, 324 N.E.2d 179, reaffirmed by *Chagrin Falls*, supra. This includes the authority to remand for further findings of fact. *Greer v. Director of Job and Family Serv.*, 171 Ohio App.3d 197, 2007-Ohio-1668, 870 N.E.2d 207.

{¶5} In the first assignment of error, ODJFS argues that the judgment of the trial court remanding the matter to the commission was improper because it did not specifically find that the commission abused its discretion. A review of

the judgment indicates that the trial court found that there was insufficient evidence upon which the trial court could reach a decision. Although the trial court did not expressly state that the judgment was unlawful, unreasonable or against the manifest weight of the evidence, "it is nonetheless apparent from the court's decision and other parts of the record that the court *implicitly* made this finding." *Warren Cty. Auditor v. Sexton*, 12th Dist. No. CA2006-10-124, 2007-Ohio-7081, ¶20. Like the trial court in *Warren*, the trial court in this case clearly set forth the correct standard of review before reaching its decision. Thus, the finding by the trial court that the record lacked sufficient evidence from which a decision could be made is essentially a finding that the judgment was unreasonable.[1] Since the trial court's judgment remanding the matter for further findings was permitted by law, the first assignment of error is overruled.

{¶6} ODJFS alleges in the second assignment of error that the trial court cannot remand the matter for additional evidence because the evidence was not proffered at the hearing and relies upon a holding in *Manno v. Bendix, Warner & Swasey* (June 26, 1986), Cuyahoga App. No. 50716. In *Manno*, the appellate court determined that the trial court could not consider evidence about length of service because the appellant raised new facts on appeal which were not previously raised.

---

[1] This court notes that ODJFS should be happy that the trial court remanded the matter for additional findings. The trial court could have just found that the decision was not supported by sufficient evidence and reversed the judgment instead of giving ODJFS a second chance.

{¶7} A review of the record in this case indicates that the issues for the remand were raised at the prior hearing. At the hearing, O'Connor was not represented by counsel and the majority of the questioning was conducted by the hearing officer. O'Connor testified that he had been given continuing permission to work overtime by his prior supervisor. This claim was not disputed. Additionally, he testified that he had consistently worked overtime without objection from the employer. This claim also was not disputed. These issues were not discussed by the hearing officer in its judgment. Thus, the matter was raised by O'Connor and could be raised on appeal. The second assignment of error is overruled.

{¶8} Finally, ODJFS argues in the third assignment of error that the trial court erred in entering its judgment before allowing the Commission to enter a new judgment on remand. Once a matter has been remanded to the Administrative Agency for further action, the original decision is reversed and vacated. *Superior Metal*, supra at 146. A trial court's remand "effectuates a revival of jurisdiction over a cause which may enable the subordinate tribunal or administrative body to conduct further proceedings and to render a new decision." Id. The effect is to make the original decision a nullity. Id. Thus, until the Commission has entered a new decision and an appeal has been taken from that decision, there is no judgment for the trial court, in its capacity as an appellate

court of the administrative decision, to review.[2]  Since the trial court in this case reversed the judgment of the Commission and remanded the matter for a new hearing, the trial court did not have jurisdiction to enter its judgment until the Commission entered a new judgment and a new appeal was taken.  Therefore, the third assignment of error is well taken.

{¶9}  The judgment of the Court of Common Pleas of Allen County is affirmed in part, reversed in part, and the matter is remanded for further proceedings in accord with this opinion.

*Judgment Affirmed in Part,*
*Reversed in Part and Cause Remanded*

**PRESTON, P.J., and SHAW, J., concur.**
**/jnc**

---

[2]  This court notes that a reversal on this issue does not mean that the Commission's original judgment stands.  To the contrary, that judgment was vacated by the remand and has effectively been reversed.  This court makes no decision on the merits of the case and the judgment reached prematurely by the trial court.