[Cite as *Queen v. Union Twp. Bd. of Zoning Appeals*, 2016-Ohio-161.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

FAYETTE COUNTY

| | | |
|---|---|---|
| THOMAS E. QUEEN, et al., | : | CASE NO. CA2015-05-011 |
| Plaintiffs-Appellants, | : | |
| | : | O P I N I O N<br>1/19/2016 |
| - vs - | : | |
| | : | |
| UNION TOWNSHIP BOARD<br>OF ZONING APPEALS, et al., | : | |
| | : | |
| Defendants-Appellees. | : | |
| | : | |

CIVIL APPEAL FROM FAYETTE COUNTY COURT OF COMMON PLEAS
Case No. 14CVF00214

Jeffrey A. McCormick, 122 South Main Street, Washington C.H., Ohio 43160, for plaintiffs-appellants

Jess C. Weade, Fayette County Prosecuting Attorney, Ryan Houston, 110 East Court Street, Washington C.H., Ohio 43160, for defendant, Union Township Board of Zoning Appeals

Timothy Kristjanson and Susan Kristjanson, 1865 Mark Road, Washington C.H., Ohio 43160, defendants-appellees, pro se

**M. POWELL, P.J.**

{¶ 1} Plaintiffs-appellants, Thomas and Melissa Queen, appeal a decision of the Fayette County Court of Common Pleas affirming the decision of defendant-appellee, the Union Township Board of Zoning Appeals (BZA), granting an application for a conditional use permit.

{¶ 2}   In May 2014, Timothy and Susan Kristjanson filed an application with the BZA requesting a conditional use permit to operate a kennel for dogs and cats on their 9.775-acre property located off Mark Road in Union Township, Fayette County, Ohio.  The property is zoned as an Agricultural District.  The application was denied by a zoning official for the BZA on the ground a kennel is a conditional use under the Union Township Zoning Regulation (Zoning Resolution).

{¶ 3}   Although the Kristjansons did not appeal the denial of their application, the BZA held a hearing on the application on June 17, 2014.  Testimony revealed that although Mrs. Kristjanson had never operated a kennel before, she and her husband wanted to operate a kennel on their Mark Road property.  The kennel would board no more than 20 dogs and no more than 20 cats at any given time, would not be operated as a day care, would not involve any retail, and would only be operated by Mrs. Kristjanson and her daughter.  The animals would stay overnight, at least a weekend and up to two weeks.  Pet owners would be allowed to bring and/or pick up their pets from 9:00 a.m. to 7:00 p.m.

{¶ 4}   Testimony also revealed that in order to operate the kennel, the Kristjansons would build a new 70' by 170' building with noise abatement in the ceiling and noise reducing walls.  The building would have individual cages, an inside play area, and partially covered, outdoor runs on the west side of the building.  The outdoor runs would be 5 feet wide and 16 feet long.  With regard to waste disposal, Mrs. Kristjanson testified they would comply with all health department requirements.  Testimony further revealed that Mark Road is a very narrow road that is subject to flooding, has a one-lane bridge, is travelled by approximately one car per hour, and is regularly used by the neighbors to walk their dogs.  Mark Road was also described as a "very quiet road."

{¶ 5}   During the hearing, the BZA heard concerns from area residents and next-door neighbors, such as appellants, regarding the proposed kennel.  The concerns addressed

safety issues relating to increased traffic on a narrow country road with a one-lane bridge and pedestrians; a possible decline in neighboring property values; and increased noise level resulting from barking dogs at the kennel, potentially triggering a response from the neighborhood dogs.  In response to these concerns, Mrs. Kristjanson emphasized her desire to be a good neighbor and her willingness to accommodate the area residents' needs.

{¶ 6}  During the hearing, members of the BZA expressed their belief the BZA had no authority to deny the application and that it could only approve the use, subject to conditions. At the close of the hearing, the BZA voted and approved the Kristjansons' application for a conditional use permit, subject to the following conditions:

> 1.  The number of dogs no more than 25 dogs at any one time
>
> 2.  The number of cats no more than 25 cats at any one time.
>
> 3.  The conditional use is for Tim & Susan Kristjanson only and cannot be transferred without returning to the UT-BZA.
>
> 4.  Meet the E.P.A. and Fayette Co. Health Dept. guide lines for waste removal.
>
> 5.  Must use sound reducing material in walls & ceiling when constructing the new building.
>
> 6.  Outside hours for dogs will be 8:00 AM until 6:00 pm.
>
> 7.  Dogs will be housed inside at night between 6:00 pm 8:00 am.

{¶ 7}  Appellants appealed the BZA's decision to the Fayette County Court of Common Pleas, arguing that the BZA did not address the requirements in the Zoning Resolution for conditional uses, failed to make any findings as to those requirements, and mistakenly believed it had no authority to deny the application.  On November 5, 2014, the common pleas court remanded the case to the BZA as follows:

> Clearly the zoning regulations make the granting of a conditional use permit discretionary and not mandatory.  This cause is hereby referred back to the Board for further proceedings in

accordance with this decision. No further evidence or argument shall be taken as the evidentiary record is complete. The Board shall decide this application in accordance with the Union Township Zoning Resolution and during a public hearing, duly noticed as required by law. Its findings shall then be transmitted to the Court and all other parties with in forty five (45) days of the date hereof.

{¶ 8} On remand, the BZA held two short hearings, one in December 2014 and one in January 2015. At the close of the January 2015 hearing, the BZA once again approved the Kristjansons' application for a conditional use permit, subject to the same previous conditions. Appellants appealed to the common pleas court.

{¶ 9} On April 21, 2015, the common pleas court affirmed the BZA's decision to issue the conditional use permit for the proposed kennel. The common pleas court found that during the June 17, 2014 hearing, the BZA "fully discussed with Appellants and other witnesses all concerns regarding * * * issues [of traffic, public safety, noise from the kennel, and decline in property value]. In granting the conditional use, the BZA established specific supplementary conditions which addressed the concerns raised by Appellants and other witnesses." Consequently, the court found that:

A thorough review of the transcript supports the BZA decision. The Court finds nothing in said decision to be unconstitutional, illegal, arbitrary, capricious or unreasonable. The decision is supported by a preponderance of substantial, reliable and probative evidence. The BZA considered all appropriate factors and its findings are implicit in its decision to grant the conditional use permit with supplemental conditions.

{¶ 10} Appellants appeal, raising one assignment of error:

{¶ 11} THE TRIAL COURT ERRED IN AFFIRMING THE DECISION OF THE UNION TOWNSHIP BOARD OF ZONING APPEALS TO GRANT A CONDITIONAL USE PERMIT TO APPELLEES TIMOTHY J. KRISTJANSON AND SUSAN J. KRISTJANSON.

{¶ 12} R.C. Chapter 2506 governs the standards applied to appeals of administrative agency decisions. *Hutchinson v. Wayne Twp. Bd. of Zoning Appeals*, 12th Dist. Butler No.

CA2012-02-032, 2012-Ohio-4103, ¶ 14. A common pleas court reviewing a decision of a board of zoning appeals under R.C. 2506.04 weighs the evidence in the whole record and determines whether the administrative order is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of the substantial, reliable, and probative evidence. *Id.*; *Henley v. Youngstown Bd. of Zoning Appeals*, 90 Ohio St.3d 142, 147 (2000).

{¶ 13} "An appeal to the court of appeals, pursuant to R.C. 2506.04, is more limited in scope and requires that court to affirm the common pleas court, unless the court of appeals finds, as a matter of law, that the decision of the common pleas court is not supported by a preponderance of reliable, probative and substantial evidence." *Kisil v. Sandusky*, 12 Ohio St.3d 30, 34 (1984). Unlike the common pleas court, the appellate court does not weigh the evidence or determine questions of fact. *Hutchinson* at ¶ 15.

{¶ 14} On appeal, appellants raise three arguments for review. Appellants first argue the BZA erred in believing it had no authority to deny the Kristjansons' application for a conditional use permit. Appellants lament the fact that "[d]espite the trial court's order, and two subsequent hearings," the BZA failed to correct the record regarding its belief it had no authority to deny the request. We find no merit to appellants' argument.

{¶ 15} The Zoning Resolution provides that the BZA "may grant conditional approval for use of the land," and thus plainly states that the granting of a conditional use permit is discretionary and not mandatory. In its November 5, 2014 decision, the common pleas court corrected the BZA's mistake by remanding the case to the BZA "for further proceedings in accordance with this decision. * * * The Board shall decide this application in accordance with the Union Township Zoning Resolution[.]" The court did not mandate the BZA to acknowledge its previous mistake, and appellants do not cite any authority to support their assertion the BZA was required to correct the record on remand in this regard.

- 5 -

{¶ 16} On remand, the BZA Chairman called "for a motion to either accept or deny the application as written with conditions as stated in the * * * June 17th, 2014, meeting" in accordance with Sections 9.03 and 12.04 of the Zoning Resolution relating to conditional uses. The BZA then unanimously approved the Kristjansons' application for a conditional use permit for a kennel, subject to the conditions previously imposed by the BZA. Thus, the BZA proceeded and acted exactly as instructed by the common pleas court. On remand, the BZA was clearly aware it had the authority to deny or approve the application and voted to approve it.

{¶ 17} Appellants next argue the common pleas court erred in affirming the BZA's decision because the BZA "failed to make any findings, oral or written, that it considered all the requirements for conditional uses set forth in the zoning resolution." In support of their argument, appellants cites *Howard v. Dayton*, 2d Dist. Montgomery No. 12618, 1991 WL 216918 (Oct. 18, 1991). In that case, the appellate court affirmed the common pleas court's decision to reverse the grant of a conditional use permit, finding that the "BZA not only failed to make sufficient findings; it failed to make any findings." *Id.* at *2.

{¶ 18} Whether, and the extent to which, a township board of zoning appeals must make findings to support its determinations requires reference to the township zoning resolution. Here, Section 9.03 of the Zoning Resolution governs standards for conditional uses and provides that:

> The Board of Zoning Appeals shall review the particular facts and circumstances of each proposed use in terms of the following standards and shall find adequate evidence that such use at the proposed location meets all of the following requirements:
>
> A. The use is in fact a conditional use as cited under the district regulations.
>
> B. The use will be designed, constructed, operated and maintained so as to be harmonious and appropriate with the

- 6 -

character of the general vicinity and that such use will not change the essential character of the same area.

C. The use will not pose a discernible hazard to existing adjacent uses.

D. The use will be served adequately by essential public facilities and services.

E. The use will not involve uses, activities, processes, materials, equipment and conditions of operation that will be detrimental to any persons, property, or the general welfare by reason of excessive production of traffic, noise, smoke, fumes or glare.

F. The use will be consistent with the objectives of this Zoning resolution.

{¶ 19} Section 9.03 does not require the BZA to make specific or express findings as a prerequisite to granting a conditional use permit. In a case addressing a zoning code with almost identical language, the Eleventh Appellate District held that:

> The [Planning] Commission must find that the requirements are satisfied and supported by adequate evidence. However, this requirement is merely a prerequisite to approving the application for conditional use. The Commission is not required to set forth in a written opinion that it has found each of the criteria satisfied or to set forth the evidentiary basis on which it has found the criteria satisfied.

*Carrolls Corp. v. Willoughby Planning Comm.*, 11th Dist. Lake No. 2005-L-112, 2006-Ohio-3209, ¶ 24. We find the reasoning of the Eleventh Appellate District to be persuasive. *See also Symmes Twp. Bd. of Trustees v. Dee*, 1st Dist. Hamilton No. C-900275, 1991 WL 84198 (May 22, 1991) (the requirement that the board makes certain findings before granting a petition does not, without more, impose the duty to make written affirmative findings).

{¶ 20} *Howard*, the case cited by appellants, is inapplicable here. The language of the zoning code at issue in *Howard* differs markedly from the language in Section 9.03 in that the former provided, "The Board shall not grant a conditional use permit unless it *shall, in each specific case, make specific findings of fact directly based upon the particular evidence*

*presented to it* that support conclusions that [t]he proposed conditional use will comply with all applicable regulations."  (Emphasis added.)

{¶ 21} In its decision remanding the case to the BZA, the common pleas court did not mandate the BZA to make express findings.  Subsequently, in its decision affirming the grant of the conditional use permit, the common pleas court found that the BZA's findings pursuant to Section 9.03 were "implicit in its decision to grant the conditional use permit with supplemental conditions."  We agree with the common pleas court.

{¶ 22} Finally, appellants argue that the BZA's decision to grant the conditional use permit was not supported by the preponderance of reliable, probative, and substantial evidence because the BZA failed to consider and address the six factors in Section 9.03.

{¶ 23} Contrary to appellants' assertion, the BZA is not required to state every factor listed in Section 9.03 to demonstrate it has properly considered and addressed them in its determination that the proposed use meets the requirements for an acceptable conditional use.  *Hickory St. Coalition v. Akron Planning Comm.*, 9th Dist. Summit No. 21738, 2004-Ohio-2246, ¶ 26.

{¶ 24} In its decision affirming the grant of the conditional use permit, the common pleas court found that the BZA's decision was "supported by a preponderance of substantial, reliable and probative evidence.  The BZA considered all appropriate factors and its findings are implicit in its decision to grant the conditional use permit with supplemental conditions."  The common pleas court also found that during the June 17, 2014 hearing, the BZA "fully discussed with Appellants and other witnesses all concerns" stemming from the proposed kennel, and that in granting the conditional use permit, the BZA "established specific supplementary conditions which addressed the concerns raised by Appellants and other witnesses."  We agree with the common pleas court.

{¶ 25} Section 9.04 of the Zoning Resolution provides that "[i]n granting any

conditional use, the [BZA] may prescribe other appropriate conditions and safeguards[.]" Both the transcript and the minutes of the June 17, 2014 hearing plainly show that the BZA heard and considered Mrs. Kristjanson's testimony with regard to her proposal for a kennel, the many concerns raised by the area residents about the kennel, and evidence relating to the applicable factors listed in Section 9.03. While the BZA did not explicitly address each of the factors listed in Section 9.03, it nevertheless considered and addressed them in its general discussion of the merits of the application and in prescribing specific additional conditions on the conditional use permit granted to the Kristjansons.

{¶ 26} In light of the foregoing, we do not find, as a matter of law, that the decision of the common pleas court affirming the decision of the BZA was "not supported by a preponderance of reliable, probative and substantial evidence." *Kisil*, 12 Ohio St.3d at 34; *Wilson v. Bethel Twp. Bd. of Zoning Appeals*, 2d Dist. Miami No. 2009 CA 10, 2010-Ohio-27. The common pleas court, therefore, did not err in affirming the decision of the BZA granting the Kristjansons' application for a conditional use permit.

{¶ 27} Appellants' assignment of error is overruled.

{¶ 28} Judgment affirmed.

HENDRICKSON, J., concurs.

RINGLAND, J., concurs separately.

**RINGLAND, J., concurring separately.**

{¶ 29} While I concur in the opinion, I would nevertheless recommend that Section 9.03 of the Zoning Resolution be amended to require the BZA to make specific or express findings as a prerequisite to making a conditional use permit. This would hopefully prevent future misunderstandings and litigation.