[Cite as *Richard J. Conie Co. v. W. Jefferson Village Council*, 2023-Ohio-876.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

MADISON COUNTY

| | | |
|---|---|---|
| THE RICHARD J. CONIE COMPANY, | : | |
| Appellant, | : | CASE NO. CA2022-04-007 |
| | : | O P I N I O N |
| - vs - | | 3/20/2023 |
| | : | |
| VILLAGE COUNCIL OF THE VILLAGE OF WEST JEFFERSON, OHIO, et al., | : | |
| | : | |
| Appellees. | | |

APPEAL FROM MADISON COUNTY COURT OF COMMON PLEAS
Case No. CVH20210011

Plank Law Firm, LPA, and David Watkins and Kevin Dunn, for appellant.

Bricker & Eckler LLP, and Brodi J. Conover and Carly M. Sherman, for appellees.


**HENDRICKSON, J.**

{¶1} Appellant, The Richard J. Conie Company, appeals the decision of the Madison County Court of Common Pleas vacating the administrative decision issued by appellee, Village Council of the Village of West Jefferson, Madison County, Ohio ("Village Council" or "the council"), which rejected Conie's final plan to build a large mixed-use residential development on property located within the village.

## Facts and Procedural History

{¶2}    In April 2020, Conie contracted with the village to purchase approximately 25 acres of land within the village.  Shortly thereafter, Conie filed applications to rezone the property to "planned mixed-use" ("PMU") and to develop the property into a mixed-use residential development.  If approved, the proposed development plan would have allowed Conie to build 112 single-family homes and 25 duplex-lots.  The village's planning and zoning commission recommended approval of Conie's requests.

{¶3}    The Village Council held several hearings regarding Conie's proposed development plan and its rezoning request.  On October 5, 2020, the Village Council voted unanimously to rezone the property to PMU but rejected the proposed development plan.  Thereafter, in November 2020, Conie submitted a revised final development plan (hereinafter referred to as the "revised development plan").  The revised development plan reduced the number of single-family homes by 15, reduced the number of duplex-lots by 4, and increased the development's proposed open space by nearly 2 acres.  The revised development plan also proposed dedicating 3.18 acres of the property's open space to the village for a public park.  Like Conie's initial development plan, the village's planning and zoning commission recommended approval of the revised development plan.

{¶4}    The Village Council discussed the revised development plan at two subsequent hearings in December 2020 and January 2021.  During those hearings, village residents and a representative for the developer commented on the revised development plan.  After the December 2020 hearing, a majority of the Village Council voted to table consideration of the revised development plan.  However, after the hearing in January 2021, the Village Council rejected the revised development plan in a split four-to-three vote. The Village Council did not indicate any oral or written reasoning for its decision to reject the revised development plan.

{¶5} On January 20, 2021, Conie initiated an administrative appeal from the Village Council's decision. On appeal to the common pleas court, the parties agreed to brief their respective positions in lieu of going to trial. In its brief, Conie argued the Village Council's decision was not supported by the preponderance of the evidence and was against the manifest weight of the evidence. Conie also argued the Village Council's decision to reject the revised development plan was an unconstitutional deprivation of Conie's property rights.

{¶6} In March 2022 the common pleas court vacated the Village Council's decision and remanded the matter for further proceedings. Specifically, the court held that although the council's decision did not constitute a constitutional taking, its decision to deny the revised development plan was not supported by sufficient evidence in the record. Thus, the common pleas court vacated the decision of the Village Council and remanded the matter to the Village Council "for further proceedings to consider Conie['s] submitted" revised development plan. The court also instructed council to approve or disapprove the revised development plan and to provide its reasoning for its decision.

**The Appeal**

{¶7} Conie now appeals from the common pleas court's decision, raising three assignments of error for our review. For the ease of review, we will discuss Conie's first and second assignments of error together.

{¶8} Assignment of Error No. 1:

{¶9} THE COMMON PLEAS COURT ERRED BY FINDING THAT CONIE WAS NOT ENTITLED TO APPROVAL OF THE FINAL DEVELOPMENT PLAN THE PROPERTY FULLY COMPLIED WITH CHAPTER 1126 OF THE WEST JEFFERSON CODIFIED ORDINANCE GOVERNING PMU ZONED PROPERTY AND THE DEVELOPMENT STANDARDS TEXT.

{¶10} Assignment of Error No. 2:

{¶11} THE COMMON PLEAS COURT ERRED BY NOT REVERSING THE DECISION OF THE VILLAGE COUNCIL AFTER FINDING THAT THE ONLY CONCERNS VOICED REGARDING THE FINAL DEVELOPMENT PLAN WERE BASED UPON SPECULATION AND NOT FACTS.

{¶12} In its first and second assignments of error, Conie argues the common pleas court erred in vacating the decision of the Village Council and remanding the matter for further proceedings. Specifically, Conie claims that, instead of remanding the matter to the council for additional proceedings, the lower court should have reversed the Village Council's decision and approved Conie's revised development plan.

{¶13} "R.C. Chapter 2506 authorizes appeals to the common pleas court of the administrative decisions of political subdivisions." *W. Jefferson Properties, L.L.C. v. Vill. Council of the Village of W. Jefferson*, 12th Dist. Madison No. CA2022-04-009, 2022-Ohio-3277, ¶ 6, citing *State ex rel. Henderson v. New Richmond*, 12th Dist. Clermont No. CA2019-11-089, 2020-Ohio-4875, ¶ 18.

{¶14} "'A common pleas court reviewing an administrative appeal pursuant to R.C. 2506.04 weighs the evidence in the whole record and determines whether the administrative order is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of the substantial, reliable, and probative evidence.'" *Bingham v. Wilmington Bd. of Zoning Appeals*, 12th Dist. Clinton No. CA2012-05-012, 2013-Ohio-61, ¶ 6, quoting *Key-Ads, Inc. v. Warren Cty. Bd. of Commrs.*, 12th Dist. Warren No. CA2007-06-085, 2008-Ohio-1474, ¶ 7.

{¶15} "'An appeal to the court of appeals, pursuant to R.C. 2506.04, is more limited in scope.'" *Queen v. Union Twp. Bd. of Zoning Appeals*, 12th Dist. Fayette No. CA2015-05-011, 2016-Ohio-161, ¶ 13 quoting *Kisil v. Sandusky*, 12 Ohio St.3d 30, 34 (1984). "[T]he standard of review for courts of appeals in administrative appeals is designed to strongly

favor affirmance." *Cleveland Clinic Found. v. Cleveland Bd. of Zoning Appeals*, 141 Ohio St.3d 318, 2014-Ohio-4809, ¶ 30. "'[T]his court on review is without jurisdiction to substitute its judgment for that of the [common pleas] court.'" *Smith v. Warren Cty. Rural Zoning Bd. of Zoning Appeals*, 12th Dist. Warren No. CA2018-07-078, 2019-Ohio-1590, ¶ 18, quoting *In re Lehman*, 10th Dist. Franklin No. 77AP-340, 1977 Ohio App. LEXIS 7449, *4-5 (Dec. 27, 1977). Rather, "this court must affirm the common pleas court's decision unless it finds, as a matter of law, that the lower court's decision was not supported by a preponderance of reliable, probative, and substantial evidence." *Taylor v. Wayne Twp. Bd. of Trustees*, 12th Dist. Butler No. CA2008-02-032, 2009-Ohio-193, ¶ 10.

{¶16} "Within the ambit of questions of law for appellate-court review is whether the common pleas court abused its discretion[.]" *Independence v. Office of the Cuyahoga Cty. Executive*, 142 Ohio St.3d 125, 2014-Ohio-4650, ¶ 14. An abuse of discretion is indicated where there is an arbitrary, unreasonable, or unconscionable attitude on the part of the common pleas court. *Natl. Amusements, Inc. v. Union Twp. Bd. of Zoning Appeals*, 12th Dist. Clermont No. CA2002-12-107, 2003-Ohio-5434, ¶ 7.

{¶17} In this case, the common pleas court found that Conie was not entitled to approval of the revised development plan simply because the property was rezoned to a PMU district. However, the common pleas court also determined that there was not a preponderance of reliable, probative, and substantial evidence to support the Village Council's decision to reject the revised development plan. Specifically, the common pleas court concluded that the public concerns expressed during the Village Council hearings were generalized public concerns that were not based upon facts, and did not rise to the level of reliable, probative, and substantial evidence. Thus, after examining the entire record, the common pleas court held there was no evidence, other than the public concerns, to support the Village Council's decision to reject the revised development plan.

{¶18} On appeal, neither party disputes the lower court's finding that the Village Council's rejection of the revised development plan was based on insufficient evidence. Instead, Conie argues that, because the revised development plan complied with the applicable zoning regulations, it was entitled to approval of the revised development plan.

{¶19} After our review, we find the common pleas court did not err in vacating and remanding the decision of the Village Council. Pursuant to R.C. 2506.04, in an appeal from the council's decision, the common pleas court "may affirm, reverse, vacate, or modify the order, adjudication, or decision, or remand the cause to the officer or body appealed from with instructions to enter an order, adjudication, or decision consistent with findings or opinion of the court." Given the plain language of the statute, and despite Conie's disagreement with the common pleas court's decision, it is well within the province of a common pleas court in an administrative appeal to remand the matter to the administrative agency. R.C. 2506.04; *see also State ex rel. Chagrin Falls v. Geauga Cty. Bd. of Commrs.*, 96 Ohio St.3d 400, 2002-Ohio-4906, ¶ 8-12 (holding a common pleas court is "authorized under R.C. 2506.04 to reverse an administrative decision and remand the cause to the administrative body to conduct further proceedings"). This includes the ability to remand the matter for further findings of fact. *O'Connor v. Exel, Inc.*, 3d Dist. Allen No. 1-09-31, 2009-Ohio-6867, ¶ 4.

{¶20} Thus, even if we assume the revised development plan complied with the applicable procedural and zoning requirements of the village, the common pleas court was permitted, pursuant to R.C. 2506.04, to vacate and remand the decision of the Village Council due to insufficient substantial, reliable, and probative evidence. As a result, we decline to find the common pleas court abused its discretion in vacating the council's decision and remanding the matter to the administrative body. *See Kratzer v. Westfield Twp.*, 9th Dist. Medina No. 14CA0069-M, 2016-Ohio-3378, ¶ 24. That is, although the

common pleas court could have reversed the Village Council's decision based upon its finding of insufficient evidence, it was not statutorily required to do so. *Id.*

{¶21} Turning to the specific instructions on remand, the common pleas court provided the following:

> [T]he matter is remanded to the Village Council for further proceedings to consider Conie Company's submitted Revised Development Plan. Village Council shall approve or disapprove the Revised Development Plan and provide its reasoning, which must be supported by a preponderance of reliable, probative, and substantial evidence from the record.

When considering the above, Conie claims the common pleas court erred in remanding the matter for "further proceedings," as a "remand to the Village Council will lead to a revolving door of litigation that [Conie] cannot afford to undertake." Conie further argues that such a result is inequitable and unfair, as it gives the Village Council a "second bite of the apple," i.e., another opportunity to solicit new opinion testimony that could be used to defeat Conie's plans for development.

{¶22} After a careful review of the common pleas court's remand instructions, we disagree that the court's decision will result in a "revolving door of litigation" or necessarily allows the council to receive new evidence on remand. That is, while it is well settled in Ohio that a common pleas court reviewing an administrative decision *may* remand the cause for further hearings, such a remand is discretionary, not mandatory. (Emphasis added.) *State ex rel. Village of Chagrin Falls*, 2002-Ohio-4906 at ¶ 8; *see also Superior Metal Products, Inc. v. Admr., Ohio Bur. of Emp. Serv., et al.*, 41 Ohio St.2d 143, 146 (1975) (a common pleas court's remand "effectuates a revival of jurisdiction over a cause which *may* enable the * * * administrative body to conduct further proceedings and to render a new decision"); *Dovetail Energy, L.L.C. v. Bath Twp. Bd. of Zoning Appeals,* 2d. Dist. Greene No. 2021-CA-15, 2022-Ohio-92, ¶ 18.

{¶23} In the instant matter, it is unclear whether the common pleas court intended to allow the Village Council to receive new evidence via additional hearings on remand. Rather, the remand instructions merely require the Village Council to consider the revised development plan based upon the "evidence from the record." Thus, while Ohio appellate courts have routinely upheld a common pleas court's authority to remand matters to an administrative agency for further hearings or evidence taking, such a holding is only necessary in this case if the common pleas court did, in fact, intend for the Village Council to hold additional hearings or receive additional evidence during the remand proceedings. *See, e.g., Stace Dev., Inc. v. Wellington Twp. Bd. of Zoning Appeals,* 9th Dist. Lorain No. 04CA008619, 2005-Ohio-4798, ¶ 17-18; *Rauch v. Jefferson Twp. Bd. of Zoning Appeals*, 2d Dist. Montgomery No. 27743, 2018-Ohio-4233, ¶ 31-34; *O'Connor* at ¶ 4, fn.

{¶24} Here, although the common pleas court's instructions could be read to allow the council to conduct additional hearings on remand, it is also possible that the common pleas court intended to limit the Village Council's consideration of the revised development plan to the record before the council at the time Conie filed its appeal. Given this ambiguity, we conclude that a remand to the common pleas court is necessary for it to clarify what "further proceedings" and "the record" consist of on remand. Such a clarification is crucial to defining what information is available to the Village Council when it considers the revised development plan anew.

{¶25} Accordingly, although we conclude the common pleas court did not err in vacating and remanding the Village Council's decision, we find the court's decision is unclear as to what proceedings the Village Council may undertake in its consideration of the revised development plan on remand. Therefore, upon remand from this court, the common pleas court shall clarify its remand to the Village Council "for further proceedings," including whether the council must explain its decision on the existing record or if it is

permitted to hold additional hearings or receive additional evidence in its future consideration of the revised development plan.

{¶26} In light of all the foregoing, the common pleas court's decision is reversed only as it pertains to its ambiguous remand instructions and this matter is remanded to the common pleas court for the limited purpose of clarifying the remand instructions. In all other respects, the court's decision is affirmed, and Conie's first and second assignments of error are overruled.

{¶27} Assignment of Error No. 3:

{¶28} THE COMMON PLEAS COURT ERRED BY FINDING THAT VILLAGE COUNCIL'S DECISION DID NOT CONSTITUTE A REGULATORY TAKING OF CONIE'S PROPERTY.

{¶29} In its remaining assignment of error, Conie argues that the common pleas court erred in concluding that the Village Council's decision to deny the revised development plan did not constitute a regulatory taking of the property. However, based upon our conclusion above, we decline to address the merits of Conie's third assignment of error, as the issue is moot and not ripe for review.

{¶30} As stated by the Ohio Supreme Court,

> * * * Ripeness "is peculiarly a question of timing." *Regional Rail Reorganization Act Cases*, 419 U.S. 102, 140, 95 S. Ct. 335, 357 (1974). The ripeness doctrine is motivated in part by the desire "to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies * * *." *Abbott Laboratories v. Gardner*, 387 U.S. 136, 148, 87 S. Ct. 1507, 1515 (1967). As one writer has observed:
>
> "The basic principle of ripeness may be derived from the conclusion that 'judicial machinery should be conserved for problems which are real or present and imminent, not squandered on problems which are abstract or hypothetical or remote.' * * * The prerequisite of ripeness is a limitation on jurisdiction that is nevertheless basically optimistic as regards

the prospects of a day in court: the time for judicial relief is simply not yet arrived, even though the alleged action of the defendant foretells legal injury to the plaintiff." Comment, Mootness and Ripeness: The Postman Always Rings Twice, 65 Colum.L.Rev. 867, 876 (1965).

*State ex rel. Elyria Foundry Co. v. Indus. Comm.*, 82 Ohio St. 3d 88, 88 (1998).

**{¶31}** It is a general rule of law that a court's function is to render judgment in actual controversies where judgments can be carried into effect. *Dunaway v. Dunaway*, 12th Dist. Warren No. CA2014-08-113, 2015-Ohio-1604, ¶ 15. "A case is moot when the issues presented are no longer live, and 'it is not the duty of the court to answer moot questions.'" *Id.*, quoting *State ex rel. Gaylor, Inc. v. Goodenow*, 125 Ohio St.3d 407, 2010-Ohio-1844, ¶ 10.

**{¶32}** In this case, and given the outcome of our analysis above, if Conie succeeds on remand in having the Village Council approve the revised development plan, the question presented here of whether the Village Council's rejection of that plan constitutes a regulatory taking will have become moot. In effect, Conie is asking this court to address the abstract and the hypothetical. Consequently, the question of a regulatory taking is moot and not ripe for review at this stage of the proceedings, and we decline to address it. Therefore, we overrule Conie's remaining assignment of error.

**{¶33}** In consideration of all the above, the judgment of the common pleas court is affirmed in part, reversed in limited part, and remanded for further proceedings..

**{¶34}** Judgment affirmed in part, reversed in part, and remanded.

M. POWELL, P.J., and S. POWELL, J., concur.